```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION
                Case No. 4-06-cv-289(DSD)
```

R.S. McCULLOUGH
DARRELL BROWN SR.,

      PLAINTIFFS,

v.                                                      **ORDER**

STARK LIGON, IN HIS CAPACITY
OF EXECUTIVE DIRECTOR OF
ARKANSAS COMMITTEE ON
PROFESSIONAL CONDUCT,
J. MICHAEL COGBILL, IN
CAPACITY AS CHAIRMAN OF
APCC PANEL, STATE OF ARKANSAS,
HONS. TOM GLAZE, ROBERT BROWN,
BETTY DICKEY, JAMES HANNAH,
ANNABELLE CLINTON IMBER, DONALD
CORBIN, AND JIM GUNTER IN THEIR
OFFICIAL CAPACITY AS JUSTICES OF
THE ARKANSAS SUPREME COURT,

      DEFENDANTS.

This matter is before the court upon plaintiffs' motion for injunctive relief, plaintiff R.S. McCullough's application to proceed in forma pauperis ("IFP") and defendants' motion to remand. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendants' motion, stays the proceedings pending the conclusion of state bar actions and declines to rule on plaintiffs' motions at this time.

**BACKGROUND**

Plaintiffs R.S. McCullough and Darrell Brown, Sr., are attorneys in Arkansas whose licenses have been suspended pending disciplinary proceedings. On March 6, 2006, plaintiffs filed this federal action against defendants Stark Ligon, executive director of the Arkansas Supreme Court Committee on Professional Conduct ("Committee"), J. Michael Cogbill, chairman of the Committee, the State of Arkansas and the Justices of the Arkansas Supreme Court in their official capacities. Plaintiffs allege that defendants violated and continue to violate their rights under 42 U.S.C. §§ 1981, 1983, 1985, the Americans with Disabilities Act and the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. (See Compl. ¶ 1.)

At the time McCullough and Brown filed this action, they had disbarment hearings scheduled for March 9 and March 13, 2006, respectively, before the Arkansas Supreme Court. On March 8, however, they removed the disbarment actions to federal court and moved for immediate injunctive relief to lift the interim suspensions on their licenses to practice law. On April 5, 2006, defendants moved to remand the state disbarment actions to the Arkansas Supreme Court. Because all of the district judges in the Eastern and Western Districts of Arkansas recused in this matter, the case was reassigned on April 18, 2006, to the undersigned district judge in the District of Minnesota.

**DISCUSSION**

**I. Defendants' Motion to Remand**

Defendants argue that the court should remand the disbarment actions based on the untimeliness of plaintiffs' removal and the lack of subject matter jurisdiction over those actions.

**A. Timeliness**

A party must file its notice of removal "within thirty days after the receipt ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Plaintiffs argue that their notice of removal is timely because they first ascertained that the disbarment action could be removed when the state court rejected their constitutional challenges to the disciplinary rules and denied their motion to dismiss. However, plaintiffs have not indicated when the state court denied their motion to dismiss. As a result, the court is unable to determine whether they filed their notice of removal within thirty days of the relevant order. Even if they had, plaintiffs' action before this court involves an overall challenge to the Arkansas disciplinary rules and proceedings. As such, they could first ascertain their federal claims no later than the filing of disbarment actions against them, which occurred on December 30, 2004, for McCullough and May 31, 2005, for Brown. The thirty-day limitation had long expired when plaintiffs removed the disbarment

actions to this court on March 8, 2006.  Therefore, plaintiffs' untimely notice of removal warrants a remand.

**B.   Subject Matter Jurisdiction**

Even if plaintiffs had filed a timely notice of removal, the court lacks subject matter jurisdiction over plaintiffs' challenges to the disbarment actions.  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court ...."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Not all cases that implicate federal law, however, are within § 1331 jurisdiction.  Rather, district courts have jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).  Affirmative defenses founded upon federal law do not satisfy the well-pleaded complaint rule.  See M. Nahas & Co. v. First Nat'l Bank, 930 F.2d 608, 611 (8th Cir. 1991).

A narrow exception to the well-pleaded complaint rule allows removal of certain civil rights actions pursuant to 28 U.S.C.

4

§ 1443. To be removable, the defendant must rely "upon a law providing for equal civil rights stated in terms of racial equality." Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997) (citing 28 U.S.C. § 1443(1) and Georgia v. Rachel, 384 U.S. 780, 782 (1966)). Further, the defendant must show by reference to a law of general application or similarly "firm prediction" that he is denied or cannot enforce such civil rights in state court. Georgia, 384 U.S. at 800, 804.

It is undisputed that the state disciplinary actions against plaintiffs do not arise under the Constitution, laws, or treaties of the United States. Plaintiffs argue, however, that the civil rights exception to the well-pleaded complaint rule applies in this case. As to the first requirement, plaintiffs contend that they rely upon civil rights laws stated in terms of racial equality because their pleaded claims under 42 U.S.C. §§ 1981, 1983, 1985, and the Fourteenth Amendment involve alleged racial discrimination. Although plaintiffs ignore the requirement that the laws themselves be stated in terms of racial equality, their claim under § 1981 may nonetheless qualify for removal. See City of Greenwood v. Peacock, 384 U.S. 808, 825 (1966); Neal, 112 F.3d at 355. However, plaintiffs have not met the second requirement under the civil rights exception because they fail to point to any state law or other equally firm prediction that indicates they will be prevented

from enforcing their § 1981 rights in state court.  See Neal, 112 F.3d at 355.[1]

Citing the Supreme Court's decision in Georgia v. Rachel, plaintiffs argue that this court should hold a hearing to determine whether their racial discrimination claims warrant removal under 28 U.S.C. § 1443(1).  See 384 U.S. 780 (1966).  However, the Rachel Court did not hold that any allegations of racial discrimination require a hearing to determine whether the underlying state court action may be removed. Id. at 800-05.  Rather, the Court allowed removal of criminal proceedings in Rachel based on specific rights under the Civil Rights Act of 1964 that precluded prosecution of the alleged racially motivated crimes.  See Rachel, 384 U.S. at 804-05; see also City of Greenwood, 384 U.S. at 831 (discussing scope of Rachel decision).  Contrary to plaintiffs' argument, the mere allegation of racial discrimination does not allow a federal district court to consider otherwise unremovable actions. See City of Greenwood, 384 U.S. at 832.  Therefore, plaintiffs' argument is without merit.  For all of the above reasons, the state disbarment actions are not removable under 28 U.S.C. § 1443(1).  Defendants' motion to remand is granted.

---

[1] Plaintiffs argue that Neal does not apply here because the petition to remand in that case "was not timely and was barred by the Rooker-Feldman doctrine." (Pls.' Reply Def.'s Mot. Remand at 5.)  Plaintiffs are mistaken.  The court also specifically held that the state disbarment proceedings could not be removed pursuant to 28 U.S.C. § 1443(1).  See 112 F.3d at 355.

6

**II.  Application to Proceed IFP**

Plaintiff McCullough seeks leave to proceed in forma pauperis as to his pleaded claims.  A litigant who seeks to be excused from paying the filing fees in a federal case may apply for IFP status under 28 U.S.C. § 1915.  To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  However, an action filed in forma pauperis must be dismissed at any time if it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); see Christiansen v. Clarke, 147 F.3d 655, 657 (8th Cir. 1998) (dismissing IFP complaint for failure to state a claim before service of process and without leave to amend).  Determining whether a complaint meets the requirements of 28 U.S.C. § 1915 precedes the decision whether to grant IFP status.  See Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994).[2]  A complaint is dismissed for failing to state a claim upon which relief may be granted if, after taking all facts alleged as true and drawing all reasonable inferences in favor of the non-moving party, the court

---

[2] In 1995, § 1915(e) replaced the § 1915(d) provisions, which required dismissal of an IFP action only if the action was frivolous or malicious.  Carney involved § 1915(d), and the court held that determining whether a complaint is frivolous or malicious must precede the decision whether to grant IFP status.  33 F.3d at 895.

finds no possible set of facts under which plaintiff would be entitled to relief. See Fed. R. Civ. P. 12(b)(6); Haberthur v. City of Raymore, 119 F.3d 720, 723 (8th Cir. 1997).

Despite plaintiffs' attempt to plead their action on behalf of all attorneys of color, they are in effect challenging the disciplinary proceedings against them as plaintiff McCullough did in his previous federal action dismissed for lack of subject matter jurisdiction. See McCullough v. Ligon, Civ. No. 05-693 (E.D. Ark. Dec. 23, 2005) (denying plaintiff's motion for injunctive relief and granting defendants' motion to dismiss). As discussed below, the court must abstain from hearing plaintiffs' claims at this time for similar reasons McCullough's claims failed in the prior action.

Because plaintiffs challenge the current disciplinary proceeding, the Younger abstention doctrine applies. See Younger v. Harris, 401 U.S. 37 (1971); Mosby v. Ligon, 418 F.3d 927, 934 n.3 (8th Cir. 2005) (Younger abstention doctrine must be considered if ongoing attorney disciplinary matter is challenged). The Younger abstention doctrine provides that a federal court should refrain from enjoining pending state proceedings in which important state interests are involved. Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 626-27 (1986). Proceedings that involve important state interests include "lawyer disciplinary proceedings initiated by state ethics committees if the proceedings are within the appellate jurisdiction of the appropriate State

Supreme Court." Id. at 627 (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)). An exception to Younger abstention arises if bad faith, harassment or some other extraordinary circumstance in the state proceedings would make abstention inappropriate. See Middlesex, 457 U.S. at 437; Aaron v. Target Corp., 357 F.3d 768, 778-79 (8th Cir. 2004). When abstention is warranted, the court should merely stay rather than dismiss the federal action if (1) a plaintiff seeks monetary damages without asking the court to declare a state statute unconstitutional in order to award such damages or (2) issues may need to be determined in federal court after state court proceedings conclude. Yamaha Motor Corp. v. Stroud, 179 F.3d 598, 603-04 (8th Cir. 1999).

Here, the disciplinary proceedings against plaintiffs were initiated by the Committee and fall within the appellate jurisdiction of the Arkansas Supreme Court. As a result, the Younger abstention doctrine applies to their claims. Moreover, plaintiffs have not alleged any facts to support the application of a bad faith, harassment or extraordinary circumstance exception to Younger abstention. Therefore, the court will abstain from hearing plaintiffs' claims.

Because the parties have not addressed the Younger abstention issue in this case and because post-disciplinary challenges to professional rules of conduct may, in limited circumstances, be

properly brought before a federal district court, see <u>Mosby</u>, 418 F.3d at 932, the court finds that issues may need to be determined in federal court after the state disbarment proceedings conclude. For this reason, the court finds that it should stay this action pending the outcome of the state proceedings. Therefore, the court need not decide plaintiffs' pending motions for IFP status and injunctive relief at this time.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to remand [Doc. No. 22] is granted, and the pending state actions are hereby remanded to the Arkansas Supreme Court.

2. This action is stayed pending the conclusion of the state actions.

Dated:  May 11, 2006

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court