UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION
Case No. 4-06-cv-289(DSD)

R.S. McCULLOUGH
DARRELL BROWN SR.,

      PLAINTIFFS,

v.                                                  **ORDER**

STARK LIGON, IN HIS CAPACITY
OF EXECUTIVE DIRECTOR OF
ARKANSAS COMMITTEE ON
PROFESSIONAL CONDUCT,
J. MICHAEL COGBILL, IN
CAPACITY AS CHAIRMAN OF
APCC PANEL, STATE OF ARKANSAS,
HONS. TOM GLAZE, ROBERT BROWN,
BETTY DICKEY, JAMES HANNAH,
ANNABELLE CLINTON IMBER, DONALD
CORBIN, AND JIM GUNTER IN THEIR
OFFICIAL CAPACITY AS JUSTICES OF
THE ARKANSAS SUPREME COURT,

      DEFENDANTS.

This matter is before the court upon plaintiffs' pro se motion for reconsideration and recusal.[1] Based upon a review of the file, record and proceedings herein, plaintiffs' motion is granted in part and denied in part.

---

[1] Plaintiffs' motion was only for recusal. However, in their brief in support of their motion for recusal plaintiffs also asked the court to set aside its September 20, 2007, order. The court will liberally construe this request as a motion for reconsideration. See Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (courts liberally construe pro se motions).

**BACKGROUND**

Plaintiffs Darrell Brown, Sr. ("Brown") and R.S. McCullough ("McCullough") filed this federal action on March 6, 2006, against defendants Stark Ligon, executive director of the Arkansas Supreme Court Committee on Professional Conduct ("Committee"), J. Michael Cogbill, chairman of the Committee, the State of Arkansas and the Justices of the Arkansas Supreme Court in their official capacities. Plaintiffs allege that defendants violated and continue to violate their rights under 42 U.S.C. §§ 1981, 1983, 1985, the Americans with Disabilities Act and the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

At the time McCullough and Brown filed this action, their licenses to practice law had been suspended pending the conclusion of state disbarment proceedings. On March 8, 2006, plaintiffs removed the disbarment proceedings to federal court, and on April 5, 2006, defendants moved to remand these proceedings to the Arkansas Supreme Court. The undersigned judge in the District of Minnesota was assigned to this case on April 18, 2006, because every district judge in the Eastern and Western Districts of Arkansas recused from this matter. On May 11, 2006, the court granted defendants' motion to remand and stayed the remaining federal action pending conclusion of the state disbarment proceedings. Plaintiffs filed a notice of appeal of this order on

June 12, 2006, and the court granted McCullough's and Brown's motions for leave to appeal in forma pauperis on June 19, 2006, and September 5, 2007, respectively. On September 13, 2007, plaintiffs filed an amended complaint, and on September 20, 2007, the court granted defendants' motion for extension of time to file a response because the state disbarment actions were still pending.[2] Plaintiffs filed the present motion on September 26, 2007.[3]

## DISCUSSION

### I. Motion for Reconsideration

Plaintiffs argue that the court should reconsider its September 20, 2007, order granting defendants' motion for an extension of time to file their answer to plaintiffs' amended complaint. Specifically, plaintiffs argue that because defendants did not comply with Eastern District of Arkansas Local Rule 6.2(b), plaintiffs were not given an opportunity to oppose the motion.

Motions for reconsideration "are nothing more than [Federal Rule of Civil Procedure] 60(b) motions when directed at non-final orders." Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (citation omitted); see also Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b)(6) permits a court to provide relief

---

[2] Brown was disbarred by Order of the Arkansas Supreme Court on March 8, 2007, and McCullough's state disbarment action is set to be heard on November 7-9, 2007.

[3] Defendants did not respond to plaintiffs' motion.

from an order for "any other reason justifying relief from the operation of the judgment." See Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999).

Local Rule 6.2(b) provides that "[i]n ... every motion for any extension of time, or for leave to do any act out of time, the motion shall state that the movant has contacted the adverse party (or parties) with regard to the motion, and also state whether the adverse party opposes or does not oppose the same." In this case, defendants' motion did not make the required statements. Thus, plaintiffs were not given an opportunity to oppose the motion before the court issued its order. Therefore, the court grants plaintiffs' motion to reconsider and vacates its September 20, 2007, order, with the understanding that defendants may re-file their motion in compliance with the local rules.[4]

## II.  Motion for Recusal

Plaintiffs argue that the court should recuse because its actions in this case have "clearly show[n] bias and prejudice relative to plaintiffs' claims and causes in this matter." (Pl.

---

[4] Plaintiffs also argue that defendants did not properly serve them with the motion pursuant to Federal Rule of Civil Procedure 5. Defendants' certificate of service indicates that the motion was mailed to plaintiffs on September 18, 2007. However, because the court grants plaintiffs' motion due to violation of the local rules, it need not determine whether plaintiffs were properly served.

4

Br.[5] at 1.)  Title 28, section 455(b)(1) of the United States Code provides that a judge should disqualify himself "[w]here he has a personal bias or prejudice concerning a party."  Judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings ... do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.; see also In re Larson, 43 F.3d 410, 413 (8th Cir. 1994).  The decision to recuse or disqualify "is committed to the sound discretion of the trial judge."  Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992).  Further, a judge is presumed to be impartial, and the moving party carries a "substantial burden of proving otherwise." Id. (citing Ouachita Nat'l Bank v. Tosco Corp., 686 F.2d 1291, 1300 (8th Cir. 1982)).

Plaintiffs argue that the court has shown bias through actions it has taken in these proceedings.  Specifically, plaintiffs argue that the court has demonstrated prejudice by not granting a hearing on their request for a temporary restraining order, by staying the federal proceedings pending resolution of the state action, by

---

[5] "Pl. Br." refers to plaintiffs' brief in support of the motion for recusal.

stating that plaintiffs did not have any meritorious grounds for appeal in the court's September 5, 2005, order granting Brown's application to proceed in forma pauperis and by granting defendants' motion for an extension of time without providing plaintiffs an opportunity to respond.  In effect, plaintiffs argue that the court should recuse because plaintiffs disagree with its orders.  This, however, is not a proper ground for recusal and does not display a deep-seated antagonism toward plaintiffs or their claims.

Plaintiffs further argue that the court should recuse because they "should receive a judge that is subject to use of the impeachment powers and one that has to adhere to the judicial canons ... not a retired judge who is not really and cannot be affected by congressional action or the judicial canons." (Pl. Br. at 4-5.)  Contrary to plaintiffs' assertions, senior judges are subject to impeachment and must adhere to judicial canons.  See U.S. Const. art. II, § 4 ("The President, Vice President and *all civil Officers* of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors." (emphasis added)); Code of Conduct for U.S. Judges (noting application of the Code with limited exceptions to judges who have taken senior status under 28 U.S.C. § 371(b)).  Therefore, this argument does not provide grounds for recusal, and plaintiffs' motion is denied.

**CONCLUSION**

Accordingly, based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1.  Plaintiffs' motion for reconsideration is granted.

2.  Plaintiffs' motion for recusal [Doc. No. 47] is denied.

Dated:  October 17, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court
